THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER HERNANDEZ,

Plaintiff,

vs.

ALEX DIBIASO and MICHAEL KUSPER,

Defendants.

Case No. 23-cv-15284

Hon. Daniel P. McLaughlin

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

### INTRODUCTION

Plaintiff Jennifer Hernandez respectfully requests that the Court order Defendants to comply with their obligations under the rules of discovery and to produce responses to Plaintiff's discovery requests related to Defendants' financial condition. *See* Ex. 1, Excerpts of Plaintiff's Requests and Defendants' Responses.

### BACKGROUND

Plaintiff served Defendants with the discovery requests that are the subject of this motion to compel in late February 2024. Plaintiff's First Set of Requests for Production – Request No. 16 to DiBiaso and Request No. 12 to Kusper – sought documentation related to Defendants' current financial condition. *Id*. Plaintiff's First Set of Interrogatories – Request No. 8 to DiBiaso and Request No. 4 to Kusper – ask Defendants to state their net worth. *Id*.

In response, Defendants asserted standard boilerplate objections. *Id*. Defendant DiBiaso objected that the requests were "irrelevant," "not reasonably tailored to lead [to the] discovery of admissible evidence," "have no bearing on the claims and defenses in this case," "overly broad and unduly burdensome," "intended to harass," and "premature" since Plaintiff's claims were

1

subject to a pending motion to dismiss. *Id*. Defendant Kusper objected that the requests were "an invasion of privacy," "undue harassment," "premature," and "irrelevant." *Id*.

Plaintiff has made multiple good faith attempts to resolve this issue. Initially, Plaintiff sent letters to each Defendant, which addressed the deficiencies with Defendants' responses and proposed an alternative solution regarding the financial condition discovery, *see* Exs. 2 and 3, Ltrs. Re: Discovery Deficiencies. Neither Defendant responded to Plaintiff's proposal. In December 2024, the parties met and conferred about a number of discovery disputes, including the financial condition discovery. At that time, Defendants agreed to review the case law, discuss the issue with their clients, and get back to Plaintiff. *See* Ex. 4 at __, Email Correspondence.[1] Not until July 11 did Defendants provide a substantive response regarding the financial condition discovery. *See* Ex. 5.

Since the meet and confer in December, Plaintiff has sent Defendants no less than 10 emails related to this discovery dispute. *See* Ex. 4. Plaintiff's emails included requests for an update on a decision or to meet and confer regarding the issue, *id*. at 1, 3, 4, 7, 9, 11, 18; an alternate proposal to conducting discovery, *id*. at 17; a proposed compromise to limit the scope of the discovery, *id*. at 12-13; and relevant caselaw that addressed the question of the relevancy, scope, and timing of financial condition discovery, *id*. at 1-2 and 6-7. More often than not, Defendants simply ignored the issue.

When Defendant DiBiaso finally provided a response on July 11, there was no attempt to seek a workable resolution. Despite overwhelming caselaw to the contrary, Defendants maintained their prior position that the financial condition discovery requested here is irrelevant and has no bearing on the claims in this case. *See* Ex. 5. Defendants also erroneously claimed

---

[1] To assist with the Court's review of documents, Plaintiff has highlighted passages addressing this dispute in Exhibits 4 and 5. The yellow highlight are passages written by Plaintiff, while the green highlight indicates passages written by Defendants.

that "[w]hen Courts in this Circuit allow such discovery, it is frequently delayed until after judgment in favor of the party seeking such discovery." *Id*. at 2. Moreover, the cases cited by Defendants addressed factually distinct issues and are not applicable to this case, as will be discussed further below.

## DISCUSSION

After making and certifying a good faith attempt to resolve the matter short of a motion, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Defendants should be ordered to produce responses to Plaintiff's discovery requests for the following reasons.

### A. Discovery Related to Defendants' Financial Condition Is Relevant to Plaintiff's Punitive Damages Claim

Plaintiff has asserted claims for punitive damages against both Defendants under the federal Fair Housing Act. 42 U.S.C. § 3613(c)(1). The Federal Rules of Civil Procedure allow "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery related to Defendants' financial condition is relevant to Plaintiff's claims.

Courts generally agree that information related to an individual defendant's financial condition is relevant when there is a claim for punitive damages: "[T]here can be no doubt that net worth is discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, as it regards a matter 'that is relevant to the claim' of a party: that is, plaintiff's punitive damages claim." *Challenge Aspen v. King World Prods. Corp.*, 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001). *See also*, *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, 2021 WL 229655, at *2 (N.D. Ill. Jan. 22, 2021) ("Here, there is no dispute – nor could there be – that the defendants' financial information is relevant to the issue of punitive damages, which plaintiff seeks in this

3

action.").; *Platcher v. Health Pros., Ltd.*, 2007 WL 2772855, at *2 (C.D. Ill. Sept. 18, 2007) (finding that a defendant's financial condition is relevant to the pursuit of punitive damages); *EEOC v. Staffing Network*, 2002 WL 31473840, at *5 (N.D. Ill. Nov. 4, 2002) (same).

Cases to the contrary, such as *Zazu Designs v. L'Oreal, S.A.*, the case Defendants rely upon to assert that financial condition discovery is irrelevant, involve *corporate* defendants, not individuals. 979 F.2d 499 (7th Cir. 1992). The Court in *Zazu Designs* made clear the difference between individual and corporate defendants: "For natural persons the marginal utility of money decreases as wealth increases, so that higher fines may be needed to deter those possessing great wealth. Corporations, however, are not wealthy in the sense that persons are." *Id*. at 508.

As individuals, Defendants' financial condition is relevant to Plaintiff's claims and should be produced.

### B. The Majority of Courts Agree That Production of Financial Condition Discovery Should Occur During the Normal Course of Discovery

When a plaintiff has pled punitive damages in a complaint, as Plaintiff has here, courts generally agree that production of a defendant's financial information should occur in the regular course of discovery – not at some later point in time as Defendants propose. *See Marshall v. GE Marshall, Inc.*, 2012 WL 2343368, at *4 (N.D. Ind. June 20, 2012) (collecting cases and noting that "[t]he majority of federal courts, and courts within this Circuit, have permitted plaintiffs seeking punitive damages to discover information related to the defendant's financial condition prior to making a prima facie case that she may recover punitive damages"). *See also E.E.O.C. v. Env't & Demolition Servs., Inc.*, 246 F.R.D. 247, 249 (D. Md. 2007) (a majority of courts hold that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages.) (collecting cases); *Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *4 (N.D. Ill.

4

Nov. 9, 2001) ("in terms of efficient case management, there is good reason in this case to require production of the net worth information sooner rather than later"); *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 236 (E.D.Wis.1996) ("The defendant's contention that the plaintiff needs to make a prima facie showing of entitlement to punitive damages in order to gain access to the defendant's financial information is not adequately supported by the case law.")

Defendants cite *Makowski v. SmithAmundsen LLC*, 2010 WL 3172476 (N.D. Ill. Aug. 11, 2010) in support of their assertion that courts "frequently" delay financial condition discovery until after judgment in favor of the party seeking such discovery. *See* Ex. 5. Not only is that assertion not true, but even *Makowski* ordered the defendants to produce financial condition discovery prior to trial. *Id*. at 3.

### C. The Discovery Plaintiff Seeks Is Limited and Reasonable

Plaintiff narrowed her request for production to the following documents: tax returns for 2022 and 2023; year-end financial statements for 2022 and 2023; and a list of assets worth more than $10,000 owned in whole or in part at any time in 2023. *See* Ex. 4 at 12-13. Plaintiff's request is reasonable and supported by case law. *See Archie v. City of Chicago*, 2023 WL 2470841, at *6 (N.D. Ill. Mar. 9, 2023), objections overruled, 2023 WL 3436345 (N.D. Ill. May 12, 2023) (finding that a number of district courts have held that two years of financial documentation is appropriate to establish a defendant's net worth). Plaintiff's need for this information outweighs Defendants' right to privacy, particularly since such concerns could be addressed by a protective order.

### Rule 37.2 Certification

As discussed above, the Parties met and conferred regarding this discovery dispute and were unable to reach a resolution without the Court's intervention.

**Conclusion**

For the reasons outlined above, Plaintiff respectfully requests that the Court GRANT her Motion to Compel and order Defendants produce responses to Plaintiff's discovery requests related to Defendants' financial condition without delay.

Dated: August 15, 2025

Respectfully submitted,

/s/ Maggi K. Carfield
Maggi K. Carfield
Loevy and Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
carfield@loevy.com

Attorney for Plaintiff

6

## CERTIFICATE OF SERVICE

The undersigned served this document on all ECF-registered counsel of record by filing it with the Court's CM/ECF system on August 15, 2025.

/s/ Maggi K. Carfield
Maggi K. Carfield