Exhibit 5, p. 1

**From:** **Clarissa Pintado** cpintado@ohaganmeyer.com 📎
**Subject:** RE: [EXTERNAL] Jennifer Hernandez v. Alex Dibiaso et al., No. 23-cv-15284, Post-Hrg Issues
**Date:** July 11, 2025 at 2:13 PM
**To:** Maggi Carfield carfield@loevy.com, Paige Canepari pcanepari@ohaganmeyer.com, Robert Scott rscott@meagher.com, Samuel Ring sring@meagher.com, Brianna Lake BLake@ohaganmeyer.com, Dan Nolan DNolan@ohaganmeyer.com
**Cc:** Tom Kayes kayes@loevy.com, Hernandez Housing hernandez.housing@civilrightsgroup.filevineapp.com, Beth L. Martinez blmartinez@ohaganmeyer.com

Maggi:

Regarding the medical records we seek, the Court has expressly stated that it would allow the medical discovery, and your client has placed her physical and mental health at issue. We do not agree to accept the HIPAA releases in the form you provided, including the time period, limited by Plaintiff. Again, please find the attached acceptable HIPAA releases, which include a reasonably limited scope, for execution by Plaintiff.

Last fall, Plaintiff agreed to supplement her responses to state that she is not seeking lost wages, medical bills, or other calculable monetary damages and further agreed that she would supplement pursuant to her obligations under 26(a)(1) to give range of the pain and suffering damages she will seek at trial. Plaintiff failed to supplement to that effect. Furthermore, Plaintiff had previously claimed "emotional injury **and related bodily harm** as a result of Mr. Kusper's behavior." (*Defendant's First Set of Interrogatories, Rog. No. 8, emphasis added*). Although she earlier claimed that she did not receive treatment from any hospital or clinic for the harm suffered in this case (*Rog. No. 9*), she claimed in her deposition that she was prescribed medication for depression and anxiety as a result of harm caused by Defendants. Tr. 152:8-14.

As you know, generally speaking, discovery under Rule 26 is broad; parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26; *see also Allstate Ins. Co. v. Electrolux Home Prods.*, No. 16 CV 4161, 2017 U.S. Dist. LEXIS 189229, 2017 WL 5478297, at *2 (N.D. Ill. Nov. 15, 2017). Given Plaintiff's most recent position, Mr. DiBiaso is entitled to broad discovery on these issues, including to identify alternative sources of her condition, *EEOC v. Area Erectors*, No. 07 C 02339, 2007 U.S. Dist. LEXIS 96280, 552 (N.D. Ill. November 27, 2007); *Tyson v. Regency Nursing, LLC*, No. 17-cv-91-djh, 2018 U.S. Dist. LEXIS 14691, 2018 WL 632063, at *1-2 (W.D. Ky. Jan. 30, 2018) ("plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had"). This rule ensures that a party cannot use a privilege as both sword and shield, placing into evidence only those portions of privileged materials which are beneficial, and using the privilege to hide away those portions which would benefit the opposing parties. *See Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 518 (N.D. Ill. 2005). Furthermore, Courts in the Seventh Circuit disfavor medical releases limiting authorizations to precise conditions at issue. *See e.g., Voss v. Marathon Cty.*, 2020 U.S. Dist. LEXIS 40160 (W.D. Wisc. Mar. 9, 2020).

Mr. DiBiaso is also entitled to discover whether there are other medical problems

that may have caused or contributed to this condition; the extent or how long she has suffered from it, *Glen v. Potter*, 2005 U.S. Dist. LEXIS 27806, *3 (N.D. Ill. November 10, 2005); and generally, to discover the causation and extent of her condition, *Kessel v. Cook County*, 2002 U.S. Dist. LEXIS 4185, *7 (N.D. Ill. March 14, 2002). On the other hand, if your client wishes to assert solely "garden variety emotional distress" she will be precluded from introducing any evidence of resulting medical symptoms or conditions, treatment, findings by the treater, etc. and would be limited to only "emotional distress damages of humiliation, embarrassment, anger, disgust, frustration, and similar emotions." *Santelli v. Electro-Motive*, 1999 U.S. Dist. LEXIS 18418, *3 (N.D. Ill. September 23, 1999). Yet, even asserting "garden variety emotional distress" opens the door to the requested discovery at this stage.

As evidenced by these case citations, the limited time frame and subject matter you proposed is clearly inadequate for Mr. DiBiaso to discover facts necessary for causation and extent of the condition and treatment. Mr. DiBiaso is entitled to discovery to be able to adequately defend against Ms. Hernandez' claims and her credibility. The lack of clarity on what your client is claiming further warrants a broader scope of discovery on these issues. A release of records regarding mental health for a period of ten years is reasonable, particularly given that Plaintiff's anxiety and depression predate occurrences in this case, and Plaintiff's relationship with her abusive ex-boyfriend which she has also said caused her anxiety and depression spanned many years. However, in the interest of resolving this matter, without motion practice, and taking into consideration the Court's instruction, we have agreed to a limited scope, as indicated in the attached HIPAA. As previously stated, if Plaintiff will not execute the attached HIPAAs we will proceed with a Motion to Compel, and we will seek all Plaintiff's medical records for a ten-year period. Defendant has provided sufficient support for its position, and we would like to resolve this issue immediately, so that Defendants can move forward with obtaining the necessary documents to move this case forward so we are able to complete fact discovery.

In contrast, Plaintiff fails to provide any reason as to why Mr. DiBiaso's financial documents are relevant to this case, at this stage. Financial information of a defendant will not necessarily be permitted at trial. *See, e.g., Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508-509 (7th Cir. 1992) (noting that a defendant's net worth is irrelevant to the assessment of punitive damages against it); *Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 223 (N.D. Ill. 1996) (evidence concerning financial information has . . .[the] potential to distract the jury from the essential issues of the case.) When Courts in this Circuit allow such discovery, it is frequently delayed until after judgment in favor of the party seeking such discovery. *See e.g. Makowski v. SmithAmundsen LLC,* No. 08 C 6912, 2010 U.S. Dist. LEXIS 81388 (N.D. Ill. Aug. 11, 2010). Further, while the Court has ruled only that Plaintiff has sufficiently pled a claim for punitive damages, the Court has not yet determined if Plaintiff will be able to seek a claim for punitive damages at trial, and this issue will most certainly be the subject of future motion practice.

Defendant DiBiaso has consistently stated that the requested documents (tax returns, year end financial statements, and lists of assets worth more than $10,000) have any bearing on the claims or defenses of this case, which are now limited as to Mr. DiBiaso to vicarious liability for sexual harassment under the FHA. Plaintiff also fails to cite any case law from this Court, but in *Hollinger*, the Northern District denied a motion to compel similar documents where the moving party argued the documents were relevant to assessing the claims of excessive fees. 230 F.R.D. 508 at *50-52. Furthermore, Plaintiff values her claims far below the policy limits so financial documents have no bearing even on Defendant's ability to pay. Under the circumstances here, Plaintiff's requests are exceedingly sprawling and appear to be meant to harass defendant as a fishing expedition, and Defendants stands on his objection. Given the case law disfavoring such discovery pre-judgment, we would suggest putting a pin in this issue for now, and that the parties agree to further meet and confer on this issue and a proposed limited scope of request, if the matter is not resolved, and closer to trial. We are happy to discuss this matter further following the deposition of Joey Lopez as you have suggested.

Thank you,

**Clarissa Pintado**
Associate Attorney
One East Wacker Drive | Suite 3400 | Chicago | IL | 60601
PH 312.422.6100 | DIR 312.422.6154



**From:** Maggi Carfield <carfield@loevy.com>
**Sent:** Thursday, July 10, 2025 3:41 PM
**To:** Madeline Grabowski <mgrabowski@meagher.com>; Clarissa Pintado <cpintado@ohaganmeyer.com>; Paige Canepari <pcanepari@ohaganmeyer.com>; Robert Scott <rscott@meagher.com>; Samuel Ring <sring@meagher.com>; Brianna Lake <BLake@ohaganmeyer.com>; Dan Nolan <DNolan@ohaganmeyer.com>
**Cc:** Tom Kayes <kayes@loevy.com>; Hernandez Housing <hernandez.housing@civilrightsgroup.filevineapp.com>
**Subject:** Re: [EXTERNAL] Jennifer Hernandez v. Alex Dibiaso et al., No. 23-cv-15284, Post-Hrg Issues

**CAUTION:** This email originated from outside the organization.
Do not click links or open attachments unless you are expecting them from the sender.

Hi all (and welcome Robert and Samuel),